IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN M. BARNETT,

           Plaintiff,

    v.

CLATSOP COUNTY DISTRICT ATTORNEY
JOSHUA MARQUIS; CLATSOP COUNTY
CHIEF DEPUTY DISTRICT ATTORNEY
RONALD BROWN; by and through the
CLATSOP COUNTY DISTRICT
ATTORNEY's OFFICE, a political subdivision
of the STATE OF OREGON,

           Defendants.

No. 3:13-cv-01588-HZ

OPINION & ORDER

Sean J. Riddell
4411 NE Tillamook Street
Portland, OR 97213

    Attorney for Plaintiff

Andrew D. Campbell
OREGON DEPARTMENT OF JUSTICE
TRIAL
1162 Court Street NE
Salem, OR 97301

    Attorney for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Steven Barnett alleges eight claims for relief against defendants Joshua Marquis, the Clatsop County District Attorney; Ronald Brown, the Clatsop County Chief Deputy District Attorney; the Clatsop County District Attorney's Office (the "CCDAO"); and the State of Oregon. Plaintiff's Sixth and Seventh Claims allege that the CCDAO and the State of Oregon violated his First Amendment free speech rights and Fourteenth Amendment due process rights. Plaintiff's Eighth Claim alleges that Marquis and Brown intentionally interfered with his employment relationship.

Now before me is the State of Oregon's motion to substitute the State for Marquis and Brown and motion to dismiss the State of Oregon ("Motion to Dismiss") [5]. For the reasons below, the State's Motion to Dismiss [5] is GRANTED.

## BACKGROUND

I accept as true the following facts alleged in the Complaint:

Plaintiff is a police officer for the Seaside Police Department ("SPD"). First Am. Compl. ¶ 11. In 2012, Plaintiff ran for Clatsop County Sheriff. Id. ¶ 14. On March 6, 2012, Marquis published an article in The Daily Astorian, a periodical serving Clatsop County, endorsing Sheriff Tom Bergin, Plaintiff's opponent also running for Clatsop County Sheriff. Id. ¶ 16. On April 25, 2012, Plaintiff authored an article in The Daily Astorian which was "critical" of Marquis' article and which "called [Marquis] untruthful." Id. ¶¶ 17-18. After the article was published, Marquis sent a correspondence to the Seaside Chief of Police stating his "objections to Plaintiff's article." Id. ¶ 18.

On May 22, 2012, Marquis informed SPD that the CCDAO could not "vouch" for Plaintiff's credibility and stated his concern "that if [Plaintiff] were to be called as a witness[,] . .

. Barnett's credibility [would be called] into question." Id. ¶ 19. Marquis also stated that the CCDAO "could no longer accept cases in which . . . [Plaintiff was] an essential witness." Id. On February 28, 2013, Brown informed the SPD that he would not correspond or work with Plaintiff on ongoing investigations. Id. ¶ 21. Plaintiff alleges that because of Defendants' actions, the "[SPD] . . . [was] forced to curtail Plaintiff's investigative assignments and limit . . . Plaintiff's access to overtime work and compensation." Id. ¶ 23.

## STANDARD

In considering a Federal Rule of Civil Procedure 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint" and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009)).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). The facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (citations and internal quotation marks omitted).

## DISCUSSION

### I.   Motion to Substitute the State of Oregon

Plaintiff's Eighth Claim alleges that Marquis and Brown intentionally "interfered with Plaintiff's employment relationship . . . through improper means or for an improper purpose . . . [in retaliation] for Plaintiff's April 25, 2012 Daily Astorian article."  First Am. Compl. ¶ 71. Plaintiff alleges Marquis and Brown intentionally interfered with his employment relationship by: (1) "[c]laiming that they could not use [P]laintiff as a witness because they could not vouch for his credibility knowing that it is unethical and prosecutorial misconduct for a prosecutor to vouch for the credibility of a witness;" (2) "[c]laiming that they could not call . . . [P]laintiff as a witness in court because [his] testimony and possible impeachment would harm the reputation of the local community, [the CCDAO] and [the SPD];" (3) "[i]nstructing the [SPD] that others [sic] Seaside police officers should be assigned [P]laintiff's responsibilities;" (4) "[r]efusing to work with [P]laintiff during the investigative phase of possible criminal prosecutions;" (5) "[i]nstructing other employees of the [CCDAO that they] . . . would not communicate or work with [P]laintiff during the investigative phase of criminal prosecutions;" and (6) "[d]irecting the [SPD] which Seaside Police Officer [they] would work and communicate with . . . ." Id. ¶ 58.

I only address the arguments raised by the parties.  The State argues that the State, not Marquis and Brown, is the proper defendant because Marquis and Brown were acting within the scope of their employment as agents of the State.  Plaintiff responds that Marquis and Brown did not act within the scope of their employment because they "were not elected or hired to use their positions to suppress a person's [First] Amendment Rights."  Pl.'s Mem. Opp. Mot. Dismiss 4.

4 - OPINION & ORDER

The Oregon Tort Claims Act provides that "the sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment . . . is an action against the public body." ORS § 30.265(3). "For an act to fall within the scope of employment, it must be of a kind which the employe [sic] was hired to perform, must have occurred within authorized time and space, and the employe [sic] must have been motivated, at least in part, by a purpose to serve defendant." Haase v. City of Eugene, 735 P.2d 1258, 1259-60 (1987) (citation omitted).

The alleged actions by Marquis and Brown, including their refusal to use Plaintiff as a witness, refusal to work with Plaintiff during criminal investigations, and communication of their refusals to the SPD, fall within the scope of Marquis's and Brown's employment as the Clatsop County District Attorney and Clatsop County Chief Deputy District Attorney, respectively. See ORS § 8.665, § 8.670, § 8.780 (district attorneys are required to prosecute criminal conduct); see also Jackson v. Multnomah Cnty., 709 P.2d 1153, 1156 (1985) (when prosecuting criminal conduct, district attorneys have discretion about "when, how, and against whom to proceed") (citation omitted). Based on the parties' arguments, I conclude that the State is the sole party against whom Plaintiff may seek relief. The State's motion to substitute the State for Marquis and Brown is granted.

## II.    Motion to Dismiss the State of Oregon

### A.    Eighth Claim

The State argues that Plaintiff's Eighth Claim must be dismissed because it is barred by the Eleventh Amendment. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or

Subjects of any Foreign State." "Absent a state's unequivocal consent, the Eleventh Amendment bars a federal court from entertaining a suit against that state, or one of its agencies or departments, based on state law." Hall v. State of Haw., 791 F.2d 759, 761 (9th Cir. 1986) (citation omitted).

Here, Plaintiff does not argue and fails to demonstrate the State unequivocally consented to be subjected to actions alleging that it intentionally interfered with an employment relationship. Plaintiff's Eighth Claim is barred by the Eleventh Amendment and is dismissed.

**B. Sixth and Seventh Claims**

Plaintiff brings his Sixth and Seventh Claims against the State and the CCDAO for violations of his First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 ("§ 1983").[1] Plaintiff's Sixth Claim alleges that Marquis and Brown violated his First Amendment free speech rights and Fourteenth Amendment due process rights while acting in accordance with an "expressly adopted official policy or a longstanding practice or custom of [the CCDAO] . . . and [the] State of Oregon." First Am. Compl. ¶ 61. Plaintiff's Seventh Claim alleges that Marquis and Brown acted as "final policymaker[s]" who violated Plaintiff's First Amendment free speech rights and Fourteenth Amendment due process. Id. ¶ 63-65. The State contends that neither the CCDAO nor the State qualifies as a "person" subject to liability under § 1983 and accordingly, Plaintiff's Sixth and Seventh Claims must be dismissed. Plaintiff does not respond to the State's arguments regarding the Sixth and Seventh Claims. Limiting my analysis to the

---

[1] Section 1983 provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

6 - OPINION & ORDER

arguments raised by the parties, I conclude that Plaintiff fails to state a claim against the State and the CCDAO.

### 1. State of Oregon

It is well settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." E.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Because the State does not qualify as a "person" within the meaning of § 1983, Plaintiff's Sixth and Seventh Claims against the State fail.

### 2. CCDAO

Plaintiff's Sixth and Seventh Claims against the CCDAO also fail because the CCDAO is a state entity not subject to liability under § 1983. See Kleinman v. Multnomah Cnty., 03-1723-KI, 2004 WL 2359959 at *5 (D. Or. Oct. 15, 2004) (concluding that the Multnomah County District Attorney's Office is a state entity for the purpose of § 1983 and is immune from liability under the Eleventh Amendment). Because the CCDAO is a state entity, it does not qualify as a "person" within the meaning of § 1983 and is entitled to sovereign immunity under the Eleventh Amendment. The State's motion to dismiss Plaintiff's Sixth and Seventh Claims against the CCDAO is granted.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

7 - OPINION & ORDER

## CONCLUSION

Based on the foregoing, the State's Motion to Dismiss [5] is GRANTED.

IT IS SO ORDERED.

Dated this 24 day of March, 2014.

*/s/ Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge