IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN M. BARNETT,

                    Plaintiff,

     v.

CLATSOP COUNTY DISTRICT
ATTORNEY JOSHUA MARQUIS;
CLATSOP COUNTY CHIEF DEPUTY
DISTRICT ATTORNEY RONALD BROWN;
CLATSOP COUNTY, by and through the
CLATSOP COUNTY DISTRICT
ATTORNEY'S OFFICE, a political
subdivision of the STATE OF OREGON,

                    Defendants.

                                      3:13-cv-01588-HZ

                                      OPINION & ORDER

Sean J. Riddell
4411 NE Tillamook St.
Portland, OR 97213

        Attorney for Plaintiff

/ / /

/ / /

1 - OPINION & ORDER

Ellen F. Rosenblum
Andrew D. Campbell
DEPARTMENT OF JUSTICE
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Defendants

HERNANDEZ, District Judge:

    Steven M. Barnett brings five claims against Clatsop County District Attorney Joshua Marquis and Clatsop County Chief Deputy Attorney Ronald Brown, alleging Defendants violated his First Amendment free speech rights and Fourteenth Amendment due process rights under 42 U.S.C. § 1983.[1]  First Am. Compl., ¶ 1.  Plaintiff's first claim alleges Defendants violated his Fourteenth Amendment substantive due process right to employment.  Id., ¶ 28.  Plaintiff's second claim alleges Defendants retaliated against him in violation of his First Amendment free speech rights and Fourteenth Amendment substantive due process rights.  Id., ¶ 35.  Plaintiff's third claim alleges Defendants violated his free speech rights as a public employee.  Id., ¶ 42.  Plaintiff's fourth claim alleges Defendants violated his free speech rights as a private citizen.  Id., ¶ 46.  Plaintiff's fifth and final claim alleges that Defendants violated his substantive due process and free speech rights.  Id., ¶¶ 50, 51, 52.  The facts underlying claims one through four state that Defendants:

> a. Claim[ed] that they could not use plaintiff as a witness because they could not vouch for his credibility knowing that it is unethical and prosecutorial misconduct for a prosecutor to vouch for the credibility of a witness.
> b. Claim[ed] that they could not call the plaintiff as a witness in court because plaintiff's testimony and possible impeachment would harm the reputation of the local community, Clatsop County District Attorney's Office and Seaside Police Department.
> c. Instruct[ed] the Seaside Police Department that other Seaside police officers should be assigned plaintiff's responsibilities.

---

[1] In an order dated March 24, 2014, I dismissed Plaintiff's sixth, seventh, and eighth claims.

d. Refus[ed] to work with plaintiff during the investigative phase of possible criminal prosecutions.

Id., ¶¶ 29, 35, 42, 46.

The facts underlying Plaintiff's fifth claim state that Defendants:

a. [Refused]to work with or communicate with plaintiff during the investigative phase of possible criminal prosecutions.
b. Instruct[ed] other employees of Clatsop County District Attorney's Office he would not communicate or work with plaintiff during the investigative phase of criminal prosecutions.
c. Direct[ed] the Seaside Police Department which Seaside Police Officer he would work and communicate with rather than the plaintiff.

Id., ¶ 49.

Now before me is Defendants' motion to dismiss [29] for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

For the purpose of Defendants' motion to dismiss, the following facts alleged in the Complaint are assumed to be true:

Plaintiff has served as a patrol officer, child abuse investigator, homicide investigator, detective, and detective sergeant with the Seaside Police Department. First Am. Compl., ¶ 11. Marquis serves as the elected Clatsop County District Attorney. Id., ¶ 12. Brown serves as Chief Deputy District Attorney for Clatsop County under the supervision of Marquis. Id., ¶ 13.

In 2011 and 2012, Plaintiff was a candidate for Clatsop County Sheriff. Id., ¶ 14. In March 2012, the Daily Astorian, a Clatsop County periodical, published an article written by Marquis "endorsing" Plaintiff's opponent. Id., ¶ 16. In April 2012, the Daily Astorian published an article written by Plaintiff that was "critical" of Marquis's March 2012 article. Id., ¶ 17. After the publication of Plaintiff's article, Marquis informed the Seaside Police Department that

he had "objections" to Plaintiff's article.  Id., ¶ 18.  In May 2012, Marquis informed the Seaside

Police Department that the Clatsop County District Attorney's Office would no longer "vouch

for the credibility" of Plaintiff.  Id., ¶ 19.  Marquis also stated that "the Clatsop County District

Attorney's Office [would] no longer accept cases in which Steve Barnett [was] an essential

witness."  Id.  In February 2013, Brown informed the Seaside Police Department that he would

not "correspond" or "work with" Plaintiff on ongoing investigations and would only work with

another detective.  Id., ¶ 21.

According to Plaintiff, Defendants "have not and will not provide Plaintiff with a

hearing[,] . . . have never filed perjury charges against Plaintiff[, and] . . . have never challenged

Plaintiff's certification as a Public Safety Officer."  Id., ¶¶ 24-26.  Based on Defendants' actions,

Plaintiff alleges that he can no "longer investigate criminal conduct or work as a police officer."

Id., ¶ 24.

## STANDARD

"When ruling on a motion to dismiss, we accept all factual allegations in the complaint

as true and construe the pleadings in the light most favorable to the nonmoving party."  Knievel

v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005) (citing Cervantes v. U.S., 330 F.3d 1186, 1187

(9th Cir. 2003)).  In order to survive a motion to dismiss under Rule 12(b)(6) for failure to state a

claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  The plausibility standard

is not akin to a "probability requirement," but it asks for more than a sheer possibility that a

defendant has acted unlawfully.  Id.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citation omitted).

## DISCUSSION

I only address the arguments made by the parties.  Here, Defendants argue that they are entitled to absolute immunity as to all of Plaintiff's allegations.  I agree.

"[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'"  Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430, 431 (1976)).  "[W]hen prosecutors perform administrative or investigative, rather than advocatory, functions they do not receive absolute immunity."  Fletcher v. Kalina, 93 F.3d 653, 655 (9th Cir. 1996) (citation omitted).  "To determine whether an action is administrative/investigative or advocatory, [the court] . . . look[s] at 'the nature of the function performed, not the identity of the actor who performed it.'"  Id. (quoting Forrester v. White, 484 U.S. 219, 229 (1988)).

## I. Using Plaintiff as a Witness

Plaintiff contends that Defendants are not entitled to absolute prosecutorial immunity because prosecutors may not vouch for a witness.  In support of his position, Plaintiff cites United States v. Roberts, 618 F.2d 530 (9th Cir. 1980) and United States v. Weatherspoon, 410 F.3d 1142 (9th Cir. 2005).  In those cases, the Ninth Circuit concluded that prosecutors may not vouch for the credibility of a government witness during trial.  Roberts, 618 F.2d at 533; Weatherspoon, 410 F.3d at 1151.  Unlike Roberts and Weatherspoon, however, here there is no

allegation that Defendants vouched for Plaintiff during a trial, let alone that Plaintiff was a named defendant who was harmed by Defendants' misconduct during trial.

I find that Defendants' discretion to not use Plaintiff as a witness is more analogous to Roe v. City & County of San Francisco, 109 F.3d 578 (9th Cir. 1997). In that case, the Ninth Circuit held that prosecutors were entitled to absolute immunity when they determined that plaintiff, a California police officer, was not credible and could no longer be used to prosecute cases without corroborating evidence. Id. at 584. The Ninth Circuit explained that "a prosecutor's professional evaluation of a witness is entitled to absolute immunity even if that judgment is harsh, unfair or clouded by personal animus . . . ." Id.

Like Roe, here Plaintiff alleges that Defendants have declined to use Plaintiff as a witness based on their determination that he is not credible. Such an allegation, although harsh, unfair, or clouded by personal animus, is entitled to absolute immunity. See id.

## II. Instructing the Seaside Police Department

Plaintiff argues that Defendants' instruction to the Seaside Police Department to assign his responsibilities to other police officers is not entitled to absolute immunity. Plaintiff's argument is unavailing.

Directing the Seaside Police Department as to whom the District Attorney's Office can work with falls within the ambit of absolute prosecutorial immunity. Indeed, Plaintiff cites no cases stating otherwise. In support of his position, Plaintiff cites Botello v. Gammick, 413 F.3d 971(9th Cir. 2005) and Meek v. County of Riverside, 183 F.3d 962 (9th Cir. 1999). Those cases, however, are factually distinguishable. In Botello, 413 F.3d at 977, the Ninth Circuit concluded that prosecutors were not entitled to absolute immunity when making "defamatory comments" to plaintiff's prospective employer to "sabotage his job prospects." In Meek, 183 F.3d at 964, the

Ninth Circuit concluded that municipal court judges were not entitled to absolute immunity when terminating plaintiff because the decision to fire an employee amounts to an administrative decision, not a judicial decision subject to absolute judicial immunity.

The facts in Botello and Meek are simply not present here. Unlike Botello, here there are no allegations that Defendants contacted Plaintiff's prospective employer or made defamatory comments to sabotage his chances of obtaining a new job. With regard to Meek, Defendants are not Plaintiff's employer and did not terminate Plaintiff. Because Botello and Meek are factually distinguishable, Plaintiff's reliance on those cases is misplaced.

In sum, Defendants are entitled to absolute immunity with regard to Plaintiff's allegation that Defendants instructed the Seaside Police Department to assign his responsibilities to other law enforcement officers.

**III. Refusing to Work With Plaintiff**

Plaintiff contends that Defendants violated his First Amendment free speech rights and Fourteenth Amendment due process rights by "[r]efusing to work with [him] during the investigative phase of possible criminal prosecutions." First Am. Compl., ¶¶ 29, 35, 42, 46. Defendants respond that they are entitled to absolute immunity when refusing to work with Plaintiff. I agree with Defendants.

The decision of whether to work with a law enforcement officer falls squarely within the protection of absolute immunity. Such a decision involves the discretion of how to prosecute a case, including what information to use and where to get that information. The exercise of such discretion is entitled to absolute prosecutorial immunity. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor . . . in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity . . . [and] [t]hose acts must

include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial.").

In short, Defendants are entitled to absolute immunity with respect to Plaintiff's allegation that Defendants refuse to work with him during the investigative phase of criminal investigations.

## IV. Instructing Clatsop County District Attorney's Office Employees

Lastly, Defendants are entitled to absolute immunity with respect to Plaintiff's allegation that they instructed Clatsop County District Attorney's Office employees to not use Plaintiff as a witness.  As discussed above, Defendants are absolutely immune with regard to their decision to not use Plaintiff as a witness.  It necessarily follows that the communication of that decision to other employees at the District Attorney's Office and instructing them to do the same are also entitled to absolute immunity.

In summary, Defendants are entitled to absolute immunity with regard to all of Plaintiff's claims.[2]

### CONCLUSION

Based on the reasons above, Defendants' motion to dismiss [29] is GRANTED.

IT IS SO ORDERED.

DATED this ___17___ day of ___April___, 2014.

MARCO A. HERNANDEZ
United States District Judge

---

[2] Having concluded that Defendants are entitled to absolute immunity, I do not address whether Defendants are entitled to qualified immunity.

8 - OPINION & ORDER